*Compiler of Law / Law Library*

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM POWER AUTHORITY, | ) |
| | ) |
| Plaintiff, | ) **CIVIL CASE NO. CV0138-07** |
| | ) |
| vs. | ) **DECISION AND ORDER** |
| | ) |
| ROBERT L. CRISOSTOMO, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Plaintiff Guam Power Authority's ("GPA") Motion for Summary Judgment, filed December 1, 2008. Attorney Anthony R. Camacho appeared on behalf of GPA and Defendant Robert L. Crisostomo ("Crisostomo") appeared pro se. On January 5, 2009, oral arguments were denied pursuant to the Local Rules of the Superior Court of Guam CVR. 7.1(e)(1). *See* Guam R. Civ. P. 77(b), 78. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

This dispute arose in September of 2006 when a GPA investigation revealed that Crisostomo, GPA's Chief Power System Dispatcher, allegedly stole approximately $20,767.31 worth of electrical power from GPA from September 23, 1996 until September 12, 2006. Crisostomo allegedly accomplished the theft by replacing the assigned GPA power meter at his home with an unassigned and unlisted power meter. Crisostomo would reinstall the assigned GPA meter once a month before each meter-read in order to conceal his theft. This monthly routine circumvented the registration of Crisostomo's actual power consumption on his assigned

meter and allowed Crisostomo to avoid paying for the actual value of the services he received from GPA.

On the basis of these facts, Crisostomo is currently facing criminal charges before this Court in Criminal Case No. 430-06.

## DISCUSSION

A motion for summary judgment is governed by Guam Rules of Civil Procedure ("GRCP") Rule 56, which provides that "The judgment sought shall be rendered forthwith if...there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See* GRCP Rule 56(c). Summary Judgment must be granted "forthwith," unless the court determines that further time for discovery should be allowed. *See* GRCP 56(f). The party who is seeking summary judgment has the burden to show that there are no genuine issues of material fact. *See* Celotex Corp. v. Katrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Moreover, once the moving party has met this burden, the nonmoving party must come forward and make some affirmative showing with specific acts that evidence exists to support its claims and that there is a genuine issue of material fact for trial. Id. *See also* Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

"A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *See* T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.,809 F.2d 626, 630 (9th Cir.1987). If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot rely merely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986).

Where credibility is at issue, summary judgment may not be granted. Only after an evidentiary hearing or full trial can credibility issues be appropriately resolved. *See* S.E.C. v. Koracorp Industries, Inc., 575 F.2d 692, 698 (9th Cir.1978), cert denied, 439 U.S. 953 (1978). Discretion plays no real role in the grant of summary judgment. *See* Id. In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant. *See*

*Tzung v. State Farm Fire and Cas. Co.*, 873 F.2d 1338, 1339 (9th Cir. 1989). The "court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *See* T.W. Elec. Serv., 809 F.2d at 631.

In this case, GPA produced documents, photographs, records of investigation and affidavits to demonstrate the basis for their claim against Crisostomo. However, Crisostomo has not offered any facts, evidence, affidavits or arguments in response. Crisostomo has not made any appearance in this civil matter except for his answer of April 23, 2007, in which he neither admits nor denies GPA's allegations on the basis of the Fifth Amendment privilege against compelled self-incrimination. For the purposes of summary judgment, Crisostomo has not raised any dispute of material fact and a jury could not reasonably return a verdict in his favor based upon his silence. *See* Celotex, 477 U.S. 317; T.W. Elec. Serv., 809 F.2d at 631. For this reason, summary judgment is appropriate based upon the undisputed facts alleged by GPA.

Under Guam law, any customer of GPA who operates an unauthorized power hook-up shall be subject to penalties measured at twice the amount of the estimated value of the power utilized by the unauthorized hook-up. *See* Guam Pub. L. No. 24-126:4-5; Guam Pub. L. No. 24-31.

In this case, it is undisputed that Crisostomo used an unauthorized power hook-up to secretly use approximately $20,767.31 of GPA's services from 1996 until 2006. Under P.L. No. 24-126:4-5, Crisostomo is subject to an additional fine of twice that amount, or $41,534.62. For this reason, it is undisputed that Crisostomo is liable to GPA for a total amount of $62,301.93, and summary judgment may be granted to that effect.

///

///

///

///

///

## CONCLUSION

Based upon the foregoing, GPA's Motion for Summary Judgment is hereby GRANTED and GPA is awarded damages in the amount of $62,301.93.

**SO ORDERED this** ___ **day of February, 2009.**

Original Signed By:
Hon. Steven S. Unpingco

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**